NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VERNON L. SIMMONS, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil Action No. 12-2237 (RBK) |
| v. | : | |
| PAUL P. LAGANA, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

    VERNON L. SIMMONS, 225788B
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey  07114
    Attorneys for Petitioner

**KUGLER, District Judge**

    Vernon L. Simmons filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction filed in the Superior Court of New Jersey, Burlington County, on February 22, 1985.  Having thoroughly reviewed Petitioner's submissions and this Court's docket, <u>see</u> <u>Simmons v. Beyer</u>, Civil Action No. 91-1115 (GEB) slip op. (D.N.J. Aug. 26, 1991), <u>certificate of probable cause denied</u>, C.A. No. 91-5777 (3d Cir. Nov. 21, 1991), and, for the following reasons, this Court will dismiss the Petition for lack of jurisdiction as a successive petition, and deny a certificate of appealability.

**I.  BACKGROUND**

    Petitioner challenges a judgment of conviction filed on February 22, 1985, in the Superior Court of New Jersey, Law Division, Burlington County, after a jury convicted him of first degree

murder and third-degree unlawful possession of a weapon.  The Law Division imposed an aggregate sentence of life imprisonment, with 30 years of parole ineligibility.  On January 23, 1987, the Appellate Division of the Superior Court of New Jersey affirmed the conviction but merged the murder convictions and vacated the sentence imposed on count two.  See State v. Simmons, 2011 WL 2321247 (N.J. Super. Ct., App. Div., May 19, 2011).  On May 19, 1987, the Supreme Court of New Jersey denied certification.  See State v. Simmons, 107 N.J. 628 (1987) (table).  On March 13, 1998, the Law Division denied Petitioner's first petition for post-conviction relief.  See Simmons 2011 WL 2321247 at *1.  On April 10, 1989, the Appellate Division affirmed, id., and the New Jersey Supreme Court denied certification.  See State v. Simmons, 117 N.J. 158 (1989).  Petitioner thereafter filed a second, third, and fourth state petitions for post-conviction relief, which were denied.

On approximately March 8, 1991, Simmons filed his first § 2254 petition for writ of habeas corpus challenging the 1985 conviction in this Court.  See Simmons v. Beyer, Civ. No. 91-1115 (D.N.J. filed Mar. 8, 1991).  In an opinion and order filed August 26, 1991, Judge Garrett E. Brown, Jr. denied the petition on the merits.  On November 21, 1991, the Third Circuit denied Simmons' request for a certificate of probable cause.  On March 23, 1992, the Supreme Court denied certiorari.  See Simmons v. Beyer, 503 U.S. 944 (1992).  On May 23, 1995, Simmons filed a second § 2254 petition.  See Simmons v. Morton, Civ. No. 95-2487 (AET) (D.N.J. filed May 23, 1995).  On November 22, 1995, Judge Anne E. Thompson denied the petition as an abuse of the writ.  Id.  On September 9, 2002, Judge Thompson denied Petitioner's motion for reconsideration.  Id.

Simmons executed the § 2254 Petition presently before this Court on April 9, 2012. The Clerk accepted it for filing on April 11, 2012. Petitioner also filed a Brief and Appendix. This latest § 2254 Petition challenges the 1985 conviction on four grounds:

> Ground One:  PETITIONER CONTENDS HIS FUNDAMENTAL RIGHTS TO A FAIR TRIAL, EQUAL PROTECTION & DUE PROCESS GUARANTEED BY . . . U.S. CONST., AMENDS. 4, 5, 6, 14 WERE DEPRIVED HIM DUE TO PROSECUTORIAL MISCONDUCT, NEGLIGENT POLICE WORK & JUDICIAL ERROR, ENDING IN FUNDAMENTAL DEFECT AMOUNTING TO COMPLETE MISCARRIAGE OF JUSTICE. THIS REVERSAL OF CONVICTION IS WARRANTED.
>
> Ground Two:  PETITIONER CONTENDS HIS RIGHTS TO A FAIR TRIAL & IMPARTIAL JURY GUARANTEED BY . . . U.S.C.A'S 6, 14, WERE DEPRIVED HIM DUE TO JURY TAMPERING & JUROR MISCONDUCT WHEN JUROR #11 COMMUNICATED AN INCIDENT THAT TOOK PLACE INVOLVING HER & A WITNESS, IN PARKING LOT OF COURTHOUSE TO OTHER JURORS. THE COMMUNICATION OF SAID INCIDENT PREJUDICED JURY AGAINST DEFENDANT & CONTAMINATED VERDICT. REQUIRING REVERSAL.
>
> Ground Three:  N.J.S. 2C:11-3 PROVIDES FOR ILLEGAL SENTENCES IN THAT IT ALLOWS FOR UNEQUAL TREATMENT OF DEFENDANTS WHO ARE CONVICTED & SENTENCED FOR MURDER, IN VIOLATION OF LEGISLATURE'S INTENT & DEFENDANTS EQUAL PROTECTI9ON RIGHTS GUARANTEED BY . . . U.S.C.A. 14. THEREFORE IT MUST BE STRUCK-DOWN AS UN-CONSTITUTIONAL.
>
> Ground Four:  PETITIONER CONTENDS CONVICTION & SENTENCE WAS ILLEGAL IN THAT GRAND JURY INDICTMENT WAS DEFECTIVE BECAUSE THE LOWER STATE COURT'S JURISDICTION WAS NOT ADHERED TO[], ITS JURISDICTION WAS FRAUDULENTLY IMPOSED UPON ME. THUS PETITIONER PETITIONS' COURT TO VACATE CONVICTION ON EQUITABLE GROUNDS.

(Dkt. 1 at 5-6.)

## II.  DISCUSSION

A.  Jurisdiction

On April 24, 1996, Congress enacted the AEDPA, which governs a district court's adjudication of a second or successive § 2254 petition.[1]  Specifically, § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).[2]  Rule 9 of the Rules Governing

---

[1] Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Although sections 2254 and 2244(b) "refer[] to a habeas 'application,' we use the word 'petition' interchangeably with the word 'application.'"  Magwood v. Patterson, 130 S. Ct. 2788, 2791 n.1 (2010).

[2] Once a petitioner moves for authorization to file a second or successive § 2254 application, a three-judge panel of the Court of Appeals must decide within 30 days whether there is a prima facie showing that the application satisfies the substantive requirements of § 2244(b)(2).  See 28 U.S.C. § 2244(b)(3)(D).  See Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court").  Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

(continued...)

Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." 28 U.S.C. § 2254 Rule 9.

Thus, § 2244(b)(3)(A) establishes that a District Court lacks jurisdiction over an second or successive § 2254 petition, absent authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The Petition presently before this Court is a "second or successive" habeas application for which Petitioner has not sought or obtained authorization from the Court of Appeals to file in this Court.[3] Petitioner's first § 2254 petition was denied on the merits.[4] Petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before

---

[2](...continued)
 reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

[3] The Petition does not assert that the Court of Appeals has granted authorization pursuant to 28 U.S.C. § 2244(b). This Court has been unable to locate on PACER any Third Circuit order granting Petitioner authorization to file a second or successive § 2254 petition.

[4] A habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)." Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).

filing his second challenge.  Because he did not do so, [this] Court [is] without jurisdiction to entertain it."  Burton, 549 U.S. at 153.  Because the Petition before this Court is a second or successive § 2254 Petition filed without authorization from the Third Circuit, this Court will dismiss the Petition for lack of jurisdiction.  See Blystone v. Horn, 664 F.3d 397, 412 (3d Cir. 2011 ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)).

B.  Dismissal or Transfer

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  The Petition before this Court does not argue that Petitioner satisfies the gatekeeping requirements of 28 U.S.C. § 2244(b)(2), nor does it mention these requirements or make a prima facie showing.  This Court accordingly declines to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition, and will dismiss the Petition for lack of jurisdiction.  Cf. Hatches v. Schultz, 381 Fed. App'x 134, 137 (3d Cir. 2010 ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law").

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.


        s/Robert B. Kugler
        **ROBERT B. KUGLER**
        United States District Judge

DATED:     July 2     , 2012