NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VERNON L. SIMMONS,

    Petitioner,

v.

PAUL P. LAGANA,

    Respondents.

Civil No. 12-2237 (RBK)

OPINION

**APPEARANCES**:

    VERNON L. SIMMONS, 225788B
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey 07114
    Attorneys for Petitioner

**KUGLER, District Judge**:

    Vernon L. Simmons filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging a judgment of conviction filed in the Superior Court of New Jersey, Burlington County, on February 22, 1985. On July 11, 2012, this Court dismissed the Petition pursuant to 28 U.S.C. § 2244(b)(3)(A). Presently before this Court is Simmons's motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons expressed below, this Court will deny the motion.

## I. BACKGROUND

    In his § 2254 Petition, Simmons challenged a judgment of conviction filed on February 22, 1985, in the Superior Court of New Jersey, Law Division, Burlington County, after a jury convicted him of first degree murder and third-degree unlawful possession of a weapon. The Law

Division imposed an aggregate sentence of life imprisonment, with 30 years of parole ineligibility. On January 23, 1987, the Appellate Division of the Superior Court of New Jersey affirmed the conviction but merged the murder convictions and vacated the sentence imposed on count two. *See State v. Simmons*, 2011 WL 2321247 (N.J. Super. Ct., App. Div., May 19, 2011). On May 19, 1987, the Supreme Court of New Jersey denied certification. *See State v. Simmons*, 107 N.J. 628 (1987) (table). On March 13, 1998, the Law Division denied Petitioner's first petition for post-conviction relief. *See Simmons* 2011 WL 2321247 at *1. On April 10, 1989, the Appellate Division affirmed, *id.*, and the New Jersey Supreme Court thereafter denied certification. *See State v. Simmons*, 117 N.J. 158 (1989). Simmons filed second, third, and fourth state petitions for post-conviction relief, which were denied.

On approximately March 8, 1991, Simmons filed his first § 2254 petition for writ of habeas corpus challenging the 1985 conviction in this Court. *See Simmons v. Beyer*, Civ. No. 91-1115 (GEB) slip op. (D.N.J. Aug. 26, 1991), *certificate of probable cause denied*, C.A. No. 91-5777 (3d Cir. Nov. 21, 1991), *cert. denied,* 503 U.S. 944 (1992). In an opinion and order filed August 26, 1991, Judge Garrett E. Brown, Jr., denied the petition on the merits. *Id.* On November 21, 1991, the Third Circuit denied Simmons' request for a certificate of probable cause. *Id.* On March 23, 1992, the Supreme Court denied certiorari. *See Simmons v. Beyer*, 503 U.S. 944 (1992). On May 23, 1995, Simmons filed a second § 2254 petition. *See Simmons v. Morton*, Civ. No. 95-2487 (AET) (D.N.J. filed May 23, 1995). On November 22, 1995, Judge Anne E. Thompson denied the petition as an abuse of the writ. *Id*. On September 9, 2002, Judge Thompson denied Petitioner's motion for reconsideration. *Id*.

Simmons filed his next § 2254 Petition – the one this Court dismissed - on April 9, 2012. This latest § 2254 Petition challenged the 1985 conviction on four grounds:

> Ground One: PETITIONER CONTENDS HIS FUNDAMENTAL RIGHTS TO A FAIR TRIAL, EQUAL PROTECTION & DUE PROCESS GUARANTEED BY . . . U.S. CONST., AMENDS. 4, 5, 6, 14 WERE DEPRIVED HIM DUE TO PROSECUTORIAL MISCONDUCT, NEGLIGENT POLICE WORK & JUDICIAL ERROR, ENDING IN FUNDAMENTAL DEFECT AMOUNTING TO COMPLETE MISCARRIAGE OF JUSTICE. THIS REVERSAL OF CONVICTION IS WARRANTED.
>
> Ground Two: PETITIONER CONTENDS HIS RIGHTS TO A FAIR TRIAL & IMPARTIAL JURY GUARANTEED BY . . . U.S.C.A'S 6, 14, WERE DEPRIVED HIM DUE TO JURY TAMPERING & JUROR MISCONDUCT WHEN JUROR #11 COMMUNICATED AN INCIDENT THAT TOOK PLACE INVOLVING HER & A WITNESS, IN PARKING LOT OF COURTHOUSE TO OTHER JURORS. THE COMMUNICATION OF SAID INCIDENT PREJUDICED JURY AGAINST DEFENDANT & CONTAMINATED VERDICT. REQUIRING REVERSAL.
>
> Ground Three: N.J.S. 2C:11-3 PROVIDES FOR ILLEGAL SENTENCES IN THAT IT ALLOWS FOR UNEQUAL TREATMENT OF DEFENDANTS WHO ARE CONVICTED & SENTENCED FOR MURDER, IN VIOLATION OF LEGISLATURE'S INTENT & DEFENDANTS EQUAL PROTECTI9ON RIGHTS GUARANTEED BY . . . U.S.C.A. 14. THEREFORE IT MUST BE STRUCK-DOWN AS UN-CONSTITUTIONAL.
>
> Ground Four: PETITIONER CONTENDS CONVICTION & SENTENCE WAS ILLEGAL IN THAT GRAND JURY INDICTMENT WAS DEFECTIVE BECAUSE THE LOWER STATE COURT'S JURISDICTION WAS NOT ADHERED TO[], ITS JURISDICTION WAS FRAUDULENTLY IMPOSED UPON ME. THUS PETITIONER PETITIONS' COURT TO VACATE CONVICTION ON EQUITABLE GROUNDS.

(Dkt. 1 at 5-6.)

On July 11, 2012, this Court summarily dismissed Simmons's § 2254 Petition for lack of jurisdiction as a successive petition. First, this Court noted that 28 U.S.C. 2244(b)(3)(A) establishes that a District Court lacks jurisdiction over a second or successive § 2254 petition, absent authorization from the Court of Appeals. *See* 28 U.S.C. 2244(b)(3)(A) ("Before a second

3

or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") Next, this Court found that Simmons's latest § 2254 Petition was a "second or successive" petition, within § 2244(b)(3)(A), because the latest petition challenged the New Jersey judgment of conviction which Simmons had challenged in *Simmons v. Beyer*, Civ. No. 91-1115 (GEB) slip op. (D.N.J. Aug. 26, 1991), *certificate of probable cause denied*, C.A. No. 91-5777 (3d Cir. Nov. 21, 1991). Finally, this Court found that Simmons had not obtained authorization from the Third Circuit Court of Appeals to file a second or successive § 2254 petition. Accordingly, this Court dismissed the Petition pursuant to § 2244(b)(3)(A). *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place"); *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011) ("A petitioner's failure to seek such authorization from the appropriate court before filing a second or successive habeas petition 'acts as a jurisdictional bar'") (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

## II. DISCUSSION

On December 14, 2012, Simmons filed his motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In his motion, he refers to the Order issued on September 20, 2012 (attached to the motion), wherein the Third Circuit denied his application pursuant to 28 U.S.C. § 2244 for leave to file a second or successive § 2254 petition. (Motion, ECF No. 6.) The Third Circuit's Order, captioned *In re: Vernon L. Simmons,* provides:

> The foregoing application pursuant to 28 U.S.C. § 2244 to file a second or successive petition for writ of habeas corpus under 28 U.S.C. § 2254 is denied. Petitioner's proposed habeas corpus petition would have been an abuse of the writ

4

> under pre-AEDPA law so AEDPA's gatekeeping standards apply. *In re: Minarik*, 166 F.3d 591 (3d Cir. 1999). Petitioner's claims do not rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or newly discovered evidence which "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. 2244(b)(2)(A) & (B).

(*In re: Vernon L. Simmons*, (Order) (3d Cir. Sept. 20, 2012), ECF No. 6 at p. 3.)

Relying on Rule 60(b)(1), Simmons now asserts that, "the Third Circuit Court of Appeals held in its reasoning for denial of [authorization,] because crime took place before the 1996 AEDPA laws were enacted[], that court held 'Pre'-AEDPA law as 'controlling' factor." (Motion, ECF No. 6 at 1-2.) Relying on *McCleskey v. Zant*, 499 U.S. 467, 489 (1991), Simmons argues that, "under 'Pre'-AEDPA law this District Court did have Jurisdiction to decide any habeas application upon the merits when either one of two (2) EXCEPTIONS existed . . . . The two (2) exceptions were where petitioner shows Cause & Prejudice, or where he shows that failure to hear the claims would result in a fundamental miscarriage of justice." *Id.* at 2. He argues that relief under Rule 60(b)(1) is appropriate because this Court mistakenly dismissed his § 2254 Petition for lack of jurisdiction pursuant to § 2244.

There are two problems with Simmons's motion, one factual and one legal. First, contrary to his assertion, the Third Circuit's September 20, 2012, Order denying him authorization to file a second or successive § 2254 petition did not state that the AEDPA's gatekeeping requirements in § 2244 did not apply in his case. Rather, the Order expressly states that "AEDPA's gatekeeping standards apply" because Simmons's "proposed habeas corpus petition would have been an abuse of the writ under pre-AEDPA law." (Third Circuit Order, ECF No. 6 at 3.) Second, as a matter of law, this Court was not mistaken in dismissing Simmons's § 2254

Petition pursuant to § 2244(b)(3)(A).[1]  *See* Third Circuit Order, ECF No. 6 at 3; *In re: Minarik*, 166 F.3d 591 (3d Cir. 1999).  In *Minarik*, the Third Circuit ruled that inmates like Simmons, whose first § 2254 petition was filed before the AEDPA was adopted in 1996, must follow the procedure governing second or successive habeas petitions set forth in 28 U.S.C. 2244(b)(3)(A). *Id.* at 599-600.  In other words, the Third Circuit determined that successive petitioners in Simmons's position must seek and obtain permission of a Court of Appeals prior to proceeding in a district court on a second or successive petition, even if their first petition was filed before the Act was adopted.[2]  *Id.* at 600.

Because Simmons has not shown that this Court's dismissal of his § 2254 Petition was due to mistake, he is not entitled to relief under Rule 60(b)(1) from this Court's Order dismissing his § 2254 Petition.

## II.  CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion under Rule 60(b).


                                                       s/Robert B. Kugler
                                                       **ROBERT B. KUGLER, U.S.D.J.**

DATED:  August 26, 2013

---

[1] Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

[2] Petitioner's reliance on *Gonzalez v. Crosby,* 545 U.S. 524 (2005), is inapposite.  The question presented in *Gonzalez* was whether a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b), in a § 2254 case is itself subject to the additional restrictions that apply to "second or successive" habeas corpus petitions under 28 U.S.C. § 2244(b).

6